h GAUDIN, Judge.
On February 19, 1993, Tony Powell was driving a Ramada Inn-owned van on Williams Boulevard in Kenner, Louisiana when his vehicle struck and fatally injured Nabor Tello, who was trying to cross the roadway on foot.
A jury in the 24th Judicial District Court absolved Powell of any negligence. We affirm.
The district court petition was filed by Tello’s mother, who contends on appeal that Powell was at least partially responsible for this accident, which occurred at approximately 12:20 a.m. on Williams as Powell was nearing West Esplanade Boulevard.
Williams at the accident site has three lanes. Powell was in the far right lane while another vehicle, driven by Robert Cousins, was in the far left lane and slightly behind Powell’s van. Tello tried to cross Williams from left-to-right of the approaching vehicles, who were not exceeding the posted speed limit of 40 miles per hour.
Cousins testified that he noticed “... something crossing my headlights. I couldn’t tell what it was. It could have been an animal. It could have been anything. As I got closer, just glancing up and looking to the right, I saw a guy walk in front of a van. I saw the van try to veer off to the right, go up on the curb. It hit the man.”
Powell said that he first saw Tello when he (Tello) was “... kind of off to my left.” Powell stated that he immediately applied his brakes and turned to his right but that Tello kept walking. If Tello had stopped before going hinto Powell’s lane of traffic, Powell testified, he wouldn’t have been struck. Powell said:
“He never stopped walking. He just walked — he never looked up at me. He never saw the van. He just walked right into it.”
The left front of the van hit Tello, who fell straight down. The van did not roll over Tello.
*359 The passenger in Powell’s van, Edward Humphrey, testified that when he first saw Tello “... he was close up on the van coming from the left hand side. He was close. That’s when I saw him. We were close up on him.”
Tello was not crossing at a well-lighted intersection and he was wearing dark clothing. He had a blood alcohol content of .16 which, according to expert toxicologist Dr. William George, would have affected his vision and judgment.
Michael Sunseri, expert in accident reconstruction called by the plaintiff, said that the accident was caused by a combination of Tello’s intoxication and Powell’s not keeping a proper lookout. The jury concluded, however, that Powell was keeping a proper, reasonable lookout as he approached West Esplanade, considering all facts and circumstances. Because this very relevant factual determination was amply supported by testimony and evidence, including the testimony of the investigating police officer, this Court cannot reverse even to the extent of finding Powell partially negligent. See Stobart v. DOTD, 617 So.2d 880 (La.1993), and many other Louisiana decisions saying that factual findings of a trial court are not disturbed when plentifully backed up by testimony and evidence.
AFFIRMED.